# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JASON KYLE TARRENCE SHANLEY,**

        **Plaintiff,**

    v.                                                CASE NO. 19-3147-SAC

**BRYAN COX, DAVID HAMILTON,
RICK HEINRICH, and TIM HOESLI,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee held at the Saline County Jail[1], proceeds pro se. His fee status is pending.

### Nature of the Complaint

Plaintiff names as defendants three deputy sheriffs and an investigator employed by the Saline County Sheriff's Office. He alleges that on February 22, 2019, his vehicle was stopped by defendants Cox, Hamilton, and Heinrich, who searched the vehicle without a warrant, and searched and seized two backpacks, a handbag, two laptops, and a phone. He claims the personal property then was taken to the sheriff's office, where it again was searched by defendant Hoesli. He claims that only then was a warrant issued. Plaintiff alleges the search and seizure was unlawful and violated the Fourth Amendment. He seeks monetary damages.

### Screening

A federal court must conduct a preliminary review of any case

---

[1] On-line records maintained by the Kansas Office of Judicial Administration reflect that three criminal cases are pending against plaintiff in the District Court of Saline County. *See* www.kansas.gov/countyCourts/search/records.

in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

Under *Younger v. Harris*, 401 U.S. 37, 45 (1971), a federal court must abstain from hearing a case when three elements are met: (1) there is an ongoing state judicial proceeding; (2) important state interests are involved; and (3) the state proceedings provide an adequate opportunity to litigate the federal constitutional issues. *See Buck v. Myers,* 244 F. App'x 193, 197 (10th Cir. 2007)(unpublished)(citing *Winnebago Tribe of Neb. v. Stovall,* 341 F.3d 1202, 1204 (10th Cir. 2003).

When these elements are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)(citing *Seneca-Cayuga Tribe v. Okla*., 874 F.2d 709, 711 (10th Cir. 1989).

Here, there are ongoing state judicial proceedings, and significant state interests are involved, as Kansas has an important interest in the enforcement of its criminal laws. *In re Troff*, 488

F.3d 1237, 1240 (10th Cir. 2007)("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.")(citing *Younger*, 401 U.S. at 44). The third condition also is satisfied here, because the Kansas courts provide plaintiff with an adequate forum to present his claims of unlawful search and seizure. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993)("[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised … may be resolved either by trial on the merits in the state court or by other [available] state procedures.")(quotation omitted); *see also Robb v. Connolly*, 111 U.S. 624, 637 (1984)("state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States….'").

In this case, plaintiff seeks only monetary damages, relief which he cannot obtain in the state criminal actions. However, the Tenth Circuit has held that "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified School District No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Here, a finding in this matter that plaintiff is entitled to relief based upon an illegal search and seizure would have such an effect on the state court proceedings, as the evidence gathered during the search could be precluded. The Tenth Circuit explained in *D.L.* that where the federal claim seeks only damages, "[t]he rationale for *Younger* abstention can be satisfied … by just staying proceedings on the federal damages claim until the state proceeding is final." *D.L., id*. Accordingly, the Court will enter a stay in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED that this matter is stayed pending the resolution of the criminal actions pending against the plaintiff.

IT IS FURTHER ORDERED plaintiff shall provide the Court with a status report on the state criminal cases or before **November 15, 2019.**

**IT IS SO ORDERED.**

DATED: This 15th day of August, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge