**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JASON KYLE TARRENCE SHANLEY,**

                **Plaintiff,**

      **v.**                                        **CASE NO. 19-3147-SAC**

**BRYAN COX, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil action pursuant to 42 U.S.C. § 1983 while he was detained at the Saline County Jail in Salina, Kansas. He names as defendants Saline County Deputy Sheriffs Bryan Cox, David Hamilton, and Rick Heinrich; Saline County Sheriff's Office Investigator Time Hoesli; and Lieutenant Scott Anderson, also of the Saline County Sheriff's Office.

Plaintiff filed his initial complaint on August 12, 2019. (Doc. 1.) Because a finding in this matter that Plaintiff was entitled to relief would have had an effect on ongoing state criminal actions against Plaintiff, the Court stayed resolution of this § 1983 action pending resolution of the criminal actions. (Doc. 4.) Plaintiff filed periodic status reports with the Court and, in September 2020, he advised the Court that the related criminal case had been dismissed. (Doc. 12.) Based on that information, the Court will lift the stay and allow this matter to proceed.

While this matter was stayed, Plaintiff filed an amended complaint, which is now before the Court for screening. (Doc. 8.)

As the factual background for this complaint, Plaintiff alleges that on February 22, 2019, on Interstate 70 at mile marker 254, Defendant Cox pulled over the vehicle Plaintiff was driving. (Doc. 8, p. 4.) After arresting Plaintiff on an outstanding warrant, Defendants Cox and Heinrich conducted a warrantless search of the vehicle without attempting to contact the registered owner and they discovered two backpacks and a small bag. *Id.* at 5. At some point, the search halted and Plaintiff was transported to the Sheriff's Office. *Id.* At that time, the vehicle's registered owner called Defendant Heinrich and arranged for a third party to retrieve the vehicle. *Id.*

Plaintiff further alleges that based on Defendant Hoesli's affidavit—which Plaintiff claims contained illegally ascertained information—the officers obtained a search warrant for the bags seized from inside the vehicle. *Id.* Defendants Anderson, Hoesli, and Cox then searched the bags, which had been taken to the Sheriff's Office. *Id.* Based on items found inside the backpacks, Plaintiff was criminally charged. *Id.*

Plaintiff contends that Defendants' actions on February 22, 2019 violated his right to be free of unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution. *Id.* at 4. He alleges that the violation caused him to be imprisoned and caused emotional distress, mental anguish, and a complete and total loss of wages during his incarceration.

*Id.* at 6. He seeks declaratory relief, compensatory damages of $10,000,000; and punitive damages of $10,000,000. *Id.* at 8.

Because Plaintiff was a prisoner when he filed this action, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As noted above, Plaintiff seeks money damages for emotional distress and mental anguish. (Doc. 8, p. 6.) Section 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002)(applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Plaintiff has not alleged a physical injury or the commission of a sexual act, so it appears that his claims for damages due to emotional distress and mental anguish are barred by § 1997e(e). The

Court will, however, allow Plaintiff the opportunity to advise the Court, in writing, of any reason these claims are not statutorily barred.

**IT IS THEREFORE ORDERED** that the stay in this matter is lifted.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including November 4, 2021, to show cause, in writing, why his claims for emotional distress and mental anguish should not be dismissed. The failure to file a timely response may result in the dismissal of these claims without further prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 4th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge